Electronically Filed
Intermediate Court of Appeals
CAAP-13-0005087
09-APR-2014
09:14 AM

NO. CAAP-13-0005087

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

HSBC BANK USA NATIONAL ASSOCIATION,
as Trustee for WFMBS 2007-AR6, Plaintiff-Appellee,
v.
KEVIN COLLMAN, Defendant-Appellant,
and
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,
Defendant-Appellee,
and
JOHN DOES 1-10, JANE DOES 1-10,
DOE PARTNERSHIPS 1-10, DOE CORPORATIONS 1-10,
DOE ENTITIES 1-10, and DOE GOVERNMENTAL UNITS, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 08-1-198K)

ORDER
(1) GRANTING APRIL 2, 2014 HRAP RULE 40 MOTION
FOR RECONSIDERATION OF MARCH 28, 2014 ORDER
DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION,
AND
(2) REINSTATING APPELLATE COURT CASE NUMBER CAAP-13-0005087
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Upon review of (1) the March 28, 2014 order dismissing appeal for lack of appellate jurisdiction, (2) Defendant-Appellant Kevin Collman's (Appellant Collman) April 2, 2014 motion for reconsideration of the March 28, 2014 dismissal order pursuant to Rule 40 of the Hawai'i Rules of Appellate Procedure (HRAP), and (3) the record, it appears that the November 5, 2013 electronic file-stamp date on Appellant Collman's notice of

appeal does not accurately reflect the effective date of Appellant Collman's notice of appeal, and, that Appellant Collman's notice of appeal is actually timely under HRAP Rule 4(a)(1).

Appellant Collman is a pro se litigant who apparently mailed a paper copy of his notice of appeal to the third circuit court clerk, instead of mailing his notice of appeal to the appellate court clerk. The only indication of the effective date of Appellant Collman's notice of appeal on that particular document is the electronic file-stamp date of November 5, 2013, which would be untimely as to the Honorable Melvin H. Fujino's October 4, 2013 "Order Denying Defendant's First Amended Motion to Vacate Void Judgment, Filed on August 14, 2013" (the October 4, 2013 post-judgment order) under the thirty-day time period for filing a notice of appeal under HRAP Rule 4(a)(1).

However, the Supreme Court of Hawai'i has held that the date on which a family court received a document by mail prevailed over a subsequent file-stamped date on which the family court clerk eventually filed the document. Doe v. Doe, 98 Hawai'i 144, 151, 44 P.3d 1085, 1092 (2002). Furthermore, in Appellant Collman's April 2, 2014 HRAP Rule 40 motion for reconsideration, Appellant Collman has, for the first time, drawn this court's attention to a document that someone filed in docket number 7 of the appellate pleadings index on November 21, 2013. That document in docket number 7 appears to be a letter from Appellant Collman to the third circuit court clerk, dated November 1, 2013, that allegedly accompanied Appellant Collman's notice of appeal, and the third circuit court clerk appears to have stamped the November 1, 2013 letter as having been "RECEIVED" by the third circuit court clerk on November 4, 2013. In other words, the third circuit court clerk appears to have indicated receipt of Appellant Collman's notice of appeal on November 4, 2013, despite that the third circuit court clerk did not indicate the date of receipt on Appellant Collman's notice of appeal. It is not clear why the third circuit court clerk did not upload Appellant Collman's notice of appeal on the date of

receipt, November 4, 2013, nor is it clear why the third circuit court clerk waited an additional day to upload, and, thus, electronically file-stamp Appellant Collman's notice of appeal on November 5, 2013. A notice of appeal is a time sensitive document under HRAP Rule 4(a)(1), and the third circuit court clerk should have either immediately uploaded Appellant Collman's notice of appeal upon receipt on November 4, 2013, or expressly noted on Appellant Collman's notice of appeal that the third circuit court clerk received Appellant Collman's notice of appeal on November 4, 2013. Based on the third circuit court's apparent November 4, 2013 receipt of Appellant Collman's notice of appeal, it appears that the effective date of Appellant Collman's notice of appeal is November 4, 2013, instead of November 5, 2013. The thirtieth calendar day after October 4, 2013, was Sunday, November 3, 2013, and, thus, HRAP Rule 26(a) extended the thirty-day time period under HRAP Rule 4(a)(1) until Monday, November 4, 2013. Based on the newly acknowledged effective date of November 4, 2013, it appears that Appellant Collman effectively filed his November 4, 2013 notice of appeal within thirty days after entry of the October 4, 2013 post-judgment order, as HRAP Rule 4(a)(1) required for a timely appeal. Therefore, pursuant to Hawaii Revised Statutes § 641-1(a) (1993 & Supp. 2013), the intermediate court of appeals has appellate jurisdiction over Appellant Collman's appeal from the October 4, 2013 post-judgment order. Accordingly,

IT IS HEREBY ORDERED that Appellant Collman's April 2, 2014 HRAP Rule 40 motion for reconsideration of the March 28, 2014 dismissal order is granted, and appellate court case number CAAP-13-0005087 is reinstated as an active appellate case.

IT IS FURTHER HEREBY ORDERED that, in light of the fact that (a) Appellant Collman has already filed his opening brief on March 20, 2014, and (b) the March 28, 2014 dismissal order disrupted the briefing schedule under HRAP Rule 28, the initial due date for all appellees' answering briefs is extended until forty days after the filing date of this order. All reply briefs shall be filed in accordance with HRAP Rule 28.

IT IS FURTHER HEREBY ORDERED that the appellate court clerk shall reopen appellate court case number CAAP-13-0005087, and the appellate court clerk shall mail a copy of this order to the third circuit court clerk for review.

DATED: Honolulu, Hawai'i, April 9, 2014.

Presiding Judge

Associate Judge

Associate Judge